UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOE HAND PROMOTIONS, INC.                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:19-CV-161-CRS

SPORTS PAGE BAR, LLLP, et al.                                      DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on motion of the plaintiff, Joe Hand Promotions, Inc. ("Joe Hand"), for entry of default judgment and an award of damages (DN 23) against defendants Sports Page Bar, LLLP ("SPB") and Michelle Youngblood. These defendants have been personally served with Summons and Complaint. (DNs 17, 18). The defendants failed to appear, answer, or otherwise respond in the case, and, thereafter, Joe Hand moved for entry of default (DN 19). The Clerk of Court entered default against SPB and Youngblood on October 5, 2020. (DN 20). We now address Joe Hand's motion for default judgment and an award of damages. This motion stands unopposed in the record.

This action arose from an alleged unauthorized receipt and exhibition of *Ultimate Fighting Championships® 210: Cormier v. Johnson 2* on April 8, 2017 and *Ultimate Fighting Championship® 216: Ferguson v. Lee* on October 7, 2017 at SPB located at 2320 Bypass Road, Suite 7, Brandenburg, Kentucky. Joe Hand holds the exclusive nationwide right to license these and various other sports and entertainment events to commercial establishments such as SPB. Joe Hand filed suit against SPB, Youngblood, and Wesley Wright[1] alleging that they intercepted and received or assisted in the interception and receipt and the broadcast the *Ultimate Fighting*

---
1 Wright is not presently before the Court.

*Championship®* events on April 8 and October 7, 2017 without having paid for the license to do so, in violation of the Communications Act of 1934, as amended, 47 U.S.C. § 605 and the Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553. Joe Hand acknowledges that it may not recover under both sections. *Joe Hand Promotions, Inc. v. Willis*, 2009 WL 36511, *1 (N.D. Ohio 2009), cited by this court in *Joe Hand Promotions, Inc. v. Tip Off, Inc., d/b/a Woody's Bodacious Bar & Grill, et al.,* Civil Action No. 3:08CV-600-CRS. Thus, Joe Hand's motion seeks recovery of statutory damages under § 605, costs, and attorney fees.

Joe Hand attached the 2016 Annual Report filed with the Kentucky Secretary of State for The Sports Page Bar Limited Liability Limited Partnership which identifies Wesley Wright and Michelle L. Youngblood of Radcliff, Kentucky, as the general partners of the LLLP and lists Youngblood as the registered agent for service of process.   DN 23-3.

Joe Hand provided affidavits of its investigators who witnessed the Ultimate Fighting events being broadcast to patrons at SPB (DNs 23-5, 23-6).

James Berube averred, in pertinent part, that he was present in SPB on April 8, 2017 from approximately 9:30 to 11:30 p.m. DN 23-5, p. 1. There was no cover charge to enter the bar. *Id.*  He observed both Youngblood and Wright tending bar during that time period, although the affidavit contains no information concerning food or drink consumption by or sales to patrons. *Id.* The Ultimate Fighting event was being shown on one television in the bar.  The affidavit states that "The UFC 207 pay-per-view was being shown on only the 50" television" and describes a fight between Thiago Alves and Patrick Cote. *Id.*  The Court takes judicial notice of the fact that the Alves/Cote fight was not on the UFC 207 fight card, but rather was on

2

the UFC 210 fight card, as correctly alleged in the Complaint. *See* https://www.ufc.com, "past events" tab. The reference to "UFC 207" in Berube's affidavit is clearly a typographical error.

Berube stated that "[a]t points of the event, the establishment would have trouble with buffering, which would make the screen freeze. At times this would take up to ten minutes or more. Attached in a video, Wesley [Wright] can be seen trying to correct the problem." *Id.* at 1-2. He further stated that the seating capacity of SPB was 130 people and 3 head counts of the patrons conducted at various times identified 14 patrons, 16 patrons, and 8 patrons at the beginning, middle, and end of the two-hour period he spent in SPB. *Id.* at p. 2. Berube noted "During the issues with the pay-per-view buffering, approximately 6 people came into the establishment, yet were upset and left when they were not going to be able to view the events." *Id.*

A similar affidavit was provided by Nathaniel Phipps in which he averred that he was present at SPB on October 7, 2017 from 9:22 to 10:40 p.m. DN 23-6, p. 1. There was no cover charge to enter the bar. Wright was acting as "doorperson" at that time. The bartender's name was "Bill." There is no mention in the affidavit of Youngblood. There was a "larger" television set behind the bar on which he saw a match between Beneil Dariush and Evan Dunham and a match between Mara Romero Borella and Kalindra Faria being shown. *Id.* While not described as such, the Court takes judicial notice of the fact that the Dariush/Dunham fight was a preliminary card match and the Borella/Faria fight was a main card match on the UFC 216 fight card. *See* https://www.ufc.com, "past events" tab.

Phipps' affidavit contains no information concerning food or drink consumption by or sales to patrons. He expressed his opinion that the "approximate capacity of this establishment is 140-150 people." *Id.* at 2. He took three head counts during the time he was in SPB, noting 18 patrons, 18 patrons, and 22 patrons present. *Id.*

SPB and Youngblood were properly served in this matter and, having failed to answer or otherwise appear, default was properly entered against them. Pursuant to Fed.R.Civ.P. 8(b)(6), all allegations other than ones relating to the amount of damages are admitted if a required responsive pleading is not filed. We conclude that Joe Hand has shown that entry of default judgment is now appropriate, and thus all allegations alleged in the complaint which are not related to the amount of damages are admitted by these two defendants in this case.

Joe Hand seeks damages in the sum of $7,878.00 pursuant to § 605(e)(3)(C)(i)(II). The statute permits a recovery of up to $10,000.00 for each violation of the Act. While not explained, this figure appears to be three times the $1,313.00 licensing fee for each event. ($1,313.00 x 2 violations x 3 = $7,878.00). In support of this proposed sum, Joe Hand states that no amount has been paid by defendants for license fees. It contends that lost revenue, loss of "good will" and the need for deterrence to combat the widespread problem of cable piracy justify the sum sought. Further, it urges that additional compensation is warranted to account for any profits from increased proceeds coming from the sale of drinks and/or meals sold to patrons. DN 23, p. 9.

Joe Hand also seeks $23,634.00 in enhanced damages for willful violation committed for purposes of direct or indirect commercial advantage or financial gain, pursuant to § 605(e)(3)(C)(ii) which permits a recovery of up to $100,000.00 per violation. It explains that it is seeking three times[2] the statutory damages of $7,878.00. It contends that willfulness is evidenced by the fact that "Signals do not descramble themselves spontaneously, nor do television sets connect themselves to cable distribution systems," referring to the oft-quoted case of *Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F.Supp.2d 485, 490 (S.D.N.Y. 1999). Joe Hand again refers to "increased proceeds that came from sales to patrons buying food and/or drinks," and that SPB was able to broadcast the events for free. *Id.* at 12. An additional factor that it contends supports a finding of willful conduct is that the defendants advertised the broadcasting of the fights on the SPB Facebook page, posting images and information about the events and the dates they were to be shown. Joe Hand has provided copies of those advertisements. There is a page depicting the UFC 210 *Cormier v. Johnson 2 Light Heavyweight Championship* (DN 23-3, p. 10), however, there is not a corresponding advertisement for UFC 216. While Joe Hand has provided advertisements for UFC 202-206, 208, 210-211, 213-215, and 217, posts ranging from August 15, 2016 through November 2017, these other posts are not in issue and do not play any role in evaluating the willfulness of the defendants' conduct in connection with the two broadcasts in question.

> "'Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved.'" *Antoine v. Atlas Turner, Inc.*, 66 F3d 105, 110 (6th Cir. 1995)(quoting *Fehlhaber v. Fehlhaber,* 681 F.2d 1015, 1026 (5th Cir. 1982)(en banc)). As the Second Circuit explained: Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true. The

---

[2] The brief states that it seeks "3x" and "4x" the statutory award requested. *See* DN 23, pp. 13 (3x) and 16 (4x). $23,634.00 is 3 times $7,878.00, thus "4x" is a typographical error.

district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)(citations omitted).

*Vesligaj v. Peterson*, 331 Fed.Appx. 351 (6th Cir. 2009).

The Court finds that both statutory and enhanced damages are warranted in this case. Liability is clear and Joe Hand is entitled to an award of damages to address the wrongdoing of the defendants.

First, with respect to statutory damages, the court finds that the award should exceed the sum that Joe Hand would have received had it licensed SPB to show the April 8 and October 7 events. An award of only the license fee amount would in essence provide the defendants with an interest-free loan for the fees they refused to pay until ordered to do so by the Court. The Court concludes, however, that three times the amount of the fee is excessive.

The Court finds that an award of $3,626.00 is sufficient to achieve the goal of accounting for the lost license fees and the four years it took to vindicate Joe Hand's rights thereto.

Second, with respect to enhanced damages, the Court has not seen a cable pirate advertise its actions on social media before, nor has the Court been presented evidence concerning two illicit broadcasts by the save violator. We are aware of another award from this district many years ago in a case where the establishment advertised the broadcast in the newspaper, charged a cover charge and sold food and drink to approximately 76 patrons while exhibiting the fight on 17 television screens. Joe Hand was awarded $1,000.00 in enhanced damages in that case. *See, Joe Hand Promotions, Inc. v. Young*, No. 5:09-CV-157-R.

In this case, advertising on Facebook is clear evidence of willfulness and a purpose to attain a commercial advantage or financial gain through the pirating of UFC events. The egregiousness of this conduct is tempered somewhat by the modest turnout of the events and by SPG's apparent inability to pirate well, as the pirated broadcasts were said to have glitched significantly on at least

one occasion and that SPB lost customers as a result. No cover was charge and there was no evidence offered concerning any food or drink sales for these events. These factors militate against a harsher damage award. Finally, SPB had been permanently closed for at least a year before this action was brought (*See* DN 5, Plaintiff's July 30, 2019 Status Report) so there appears to be no potential for ongoing wrongful conduct by these defendants in the operation of SPB.

In consideration of the foregoing, the Court finds that the sum of $2,000.00, a $1,000.00 enhanced damage award for each event broadcast, is sufficient under the facts of this case to address the defendants' willful behavior.

Joe Hand has submitted an affidavit in support of its request for attorney fees and cost of the litigation. It seeks fees in the sum of $1,500.00 for six hours of work on the litigation at a rate of $250.00 per hour and avers that this rate is reasonable for anti-piracy litigation, taking into consideration the market, the attorney's experience, and awards made by other courts in similar cases. DN 23-3, p. 2. The affidavit also indicates that costs of $400.00 for filing fees and $1,149.00 to effectuate service in this action were incurred, totaling $1,549.00, and documents those costs. *Id.* We find these attorney fees and costs to be reasonable and will include them in the award.

For the reasons set forth herein, the motion of Joe Hand for default judgment and a total award of $8,675.00 in damages, attorney fees and costs will be granted by separate Order and Judgment.

August 23, 2021

Charles R. Simpson III, Senior Judge
United States District Court

**IT IS SO ORDERED.**